*IN THE UNITED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF ALABAMA*
NORTHERN *DIVISION*

RECEIVED

2005 SEP 19 A 9:59

*ROBERT L.McCRAY*
A.I.S.#167644
*PLAINTIFF(pro-se)*

*Vs.*                                 *CASE NO:* 2:05cv 887.F

*PRISON HEALTH SERVICES (P.H.S.Inc.)*
         *ect.al,;*
*Dr.MIKE ROBBINS; Dr.WALTER WILLIAMS;*
*Dr.PLEASANT;      Dr.D.P.BHUTA(UROLOGIST);*          **DEMAND FOR JURY TRIAL**
*Dr.THOMAS E.BEATROUS (ONCOLOGIST)*
*Dr.McCLAIM;      NURSE,LASSINER(N.P.)*
*NURSE,AUSTIN;  Mr.ARRON BEE(ADMINISTRATOR{STATON COR.FAC.})*

 *(MIDICIAL ADMINISTRATOR(BIBB CORRECTION)*
*JANE DOE AND JOHN DOE AS MAY BECOME KNOWN........*

*STATE OF ALABAMA DEPARTMENT OF CORRECTIONS;*
         *ect.al,;*
         *{BIBB COUNTY CORRECTION}*

*CAPTIAN, FREDRICK FREEMAM;    SARGENT THOMAS BUTLER;*

         *{DONALDSON}*

     *Lt.JONES;*

   *{OFFICERS OF STATON COR.FAC.}*

*OFFICER;,BORDOFF;   OFFICER,WEBSTER*

*OFFICER,PARKER;   OFFICER BOOKER;*

*JOHN DOE AND JANE DOE AS MAY BECOME KNOWN.*

                    *ROBERT L.McCRAY ,A.I.S.#167644/E-7-2*
                         *STATON COR.FAC.*
                          *P.O.BOX #56*
                    *ELMORE, ALABAMA.36025-0056*

                         (I.)

Come now the Plaintiff, Robert L.McCray#167644  (pro-se)
and bring forth this timely complaint before this Honorable Court of

the **United States District Court for the Middle District of Alabama**
for the (Northern Divison) upon the Defendant(s) listed herein
in there Offical Capacity, Professional Capacity and Personal
Capacity, Collectively and Individually and request an **Evidentiary
Hearing** to determine whether an inmate (Robert L.McCray) in a
State of Alabama Penal Institution is receiving adequate and
proper medical attion in a timely manner;see,(**Fountain 648 So.2d.at
592,.**

The Plaintiff seeks Magistrate Review along with Trial by
Jury to determine the Adequacy of Medical Treatment, the award
of Compensatory and Punitive Damages.

The Plaintiff avers that  the defendant(s) are in violation
of his rights secured by the **Eighth Amendment** under **Estelle V.
Gamble,**429U.S.97, 50 L.Ed.251,97 S.Ct,285 (1976).

There the Court held that deliberate indifference to a prisoner's
serious medical needs, whether by a prison doctor or a prison
guard, is **prohibited**  by the Eighth Amendment.

As cited in **Estelle V.Gamble,429 U.S. 97,104-05,97 S.Ct.285
291,50 L.Ed.2d. 251(1976).** "We therefore conclude that deliberate
indefference to serious medical needs of prisoners constitutes
the 'unnecessary and wanton infliction of pain,'...proscribed
by the Eighth Amendment.
This is true whether the indifference is manifested by prison
doctors in their response to the prisoner's needs or by
prison guards in intentionally denying or delaying access
to medical care or intentionally interfering with the

(II.)

treatment once prescribed.

Regardless of how evidenced,deliberate indifference to a
prisoner's serious illness or injury states a cause of action
under §1983

<u>United States V Price</u>,383 U.S.787,794,16 L.Ed.2d.267,86
Ct.1152 (1966)("[W]illful participant in joint activity with
the State or its agents"may be liable under §1983);


The touchstone of due process of law is the  protection
of individuals against wilful, arbitrary actions of government.

In this claim the individual, collective and concerted deliberate
indifference to urgent timely treatment directives of officially
attending Urologist and Oncologist, stand facially of medical
record.

That defendants,individually,collectivelly and in concert
denied plaintiff's approved urgent medical treatment and which
wilful and continual procrastination has resulted in the needless
spread of a slow developing prostate cancer (10%) left lobe)
to spread to plaintiff's chest and lower back.


Which forms the basis for this action under ,42 U.S.C.A.§1983;
U.S.C.A. Const. Art.1. §10,Cli; Amend 14 and also pursuant to
the Eightth ⦂18th· Amend. Which likewise applies § 3.07 Ingram
V.Wright,430  U.S.651(1977) Jackson Vs. Cain,964 F.2d.1235,1247
(5th, Cir.1989).
Estelole V. Gamble,429 U.S.97(1976). McHenry V.Chadwick,896 F.2d,
184,187 (6th.Cir.1990) Bennett Vs.Parker,898 F.2d. 1530,1533
(11th.Cir.(1990)

CERTIFICATE OF INTERESTED PERSONS

PRISON HEALTH SERVICES (P.H.S.)Inc, et, al..DEFENDANT(s)

Dr.MIKE ROBINS..............................DEFENDANT(s)

Dr.WALTER WILLIAMS.........................DEFENDANT(s)

Dr.THOMAS E.BEATROUS (ONCOLOGIST)..........DEFENDANT(s)

Dr.D.P.BHUTA...............................DEFENDANT(s)

Mr.ARRON BEE(MED. ADMIN.) (STATON COR.FAC...DEFENDANT(s)

NURSE,LASSINER(P.H.S.(S.C.C)...............DEFENDANT(s)

NURSE,AUSTIN(P.H.S.(S.C.C)................DEFENDANT(s)


ALABAMA DEPARTMENT OF CORRECTIONS,et.al.....DEFENDANT(s)

D.EVANS....................................DEFENDANT(s)

CAPTAIN,FREDRICK FREEMAN...................DEFENDANT(s)

Lt.JONES...................................DEFENDANT(s)

SARGENT THOMAS BUTLER......................DEFENDANT(s)

OFFICER,WEBSTER (S.C.C.)...................DEFENDANT(s)

OFFICER,PARKER(S.C.C.).....................DEFENDANT(s)


MEDICAL ADMINISTRATOR (BIBB CORRECTIONAL) et,al.


JOHN AND JANE DOE AS MAY BECOME KNOWN DURING  ADJUDICATION
OF THE INSTANT COMPLAINT.........


Dr.McCLAIN.................................WITHESS(s)
Dr.PLEASANT................................WITNESS(s)
Dr,SASHY...................................WITNESS(s)
OFFICER,BOOKER (S.C.C)....................WITNESS(s)
OFFICER,BORDOFF(S.C.C)....................WITNESS(s)

Petition for Relief from Wilful Vengeful Indifference to Major Critical Formally Approved Medical Treatment which Defendant(s) have knowingly, Indivually, Collectively and in concert deprived Plaintiff of Urgent Timely Medical Treatment and which unarguably in Bad Faith and wilful Indifference to plaintiff's urgent critical medical needs by Defendant(s) have continually allowed the spread of Localized  *"PROSTATE CANCER"* Unnecessarily extend to Plaintiff"s lower back and chest, notwithstanding which dreadful situation Defendant(s) unabash continue in the same wilful posture void of the least Remorse.

Plaintiff Respectfully Submits that the wilful and critical inaction of Defendants in this complaint plainly violates Plaintiff's 8th. Amendment Right to timely and adquate medical care while Incarcerated, Defendant(s) wilful indifference resulting in major even terminal injury due to denial of accessable and formally approved medical treatment violates the 8th. Amendment Right and also Especially Actionable Under 42 U.S.C.A (1983); U.S.C.A. Cont. Art.1. 10, Cli, which forms the Authority Basis of this timely Complaint.....

(2)

## HISTORY OF COMPLAINT

Pertinent Medical Records of Plaintiff held by the Inmate's
Medical Service of the Department of Corrections (Attacted Hereto)
show the medical service of the Alabama Department of Corrections
knew or should have known,as early as November,1997(P.S.A.6.1.9.3)
that Prostate Cancer was then actively developing.

No time prior to 2002 was plaintiff informed of the suspected
developing cancer nor the high fluchuateing P.S.A. indicative
of cancer in progression.

Plaintiff's continual complaints of profuse heavy nightly
sweating,periodic rectal bleeding and chronic slow incomplete
uranary evacuations routinely unexplained on imquiry by plaintiff
and altogether unattended by D.O.C.' Inmate's Medical Treatment
Personnel which commonly regard,in general,**"Any "Inmate** inquiry
as an affront.

Result of a given medical procedure is withheld from the
inmate.

For five years D.O.C. Medical Service failed wilfully to
inform plaintiff that he,at least,more likely than not was effected
with prostate cancer.

For years absolutely nothing was done to arrest futher development
but rather allowed range,via deliberate indifference,for the
prostate cancer to futher take hold and plaintiff continued in
the blind over the period of 1997 - 2002-five years of medically
unattended heavy nightly sweating,constant constipation,periodic
heavy rectal bleeding and chronic muscular spasma over the entire
five(5) years(1997≠2002) complaints of which continually down-
played by D.O.C.Medical Personel and routinely unattended always

(3)

void of explanation , and unresponsive to relevant inmate inquiry
of any given inmate's medical test result , D.O.C. Medical Personnel
commonly regard as affront to their hubristic predisposition
purposefully allowed to defeat delivery of urgent medical treatment
in a professional timely manner.

Plaintiff inappropriately and involuntarily caught-up in
the unsavory mix of the D.O.C.'s P.M.S.'s wilful indifference
to a critical life-threating medical situation knowingly unattended.

Defendents as herein after specified individually and or
collectively and in concert and bad faith deprived plaintiff of
critical and vital accessable medical treatment and which wilful
continual neglect thereby has allowed a slow developing localized
prostate cancer unneccessarily to spread to plaintiff's chest
and  lower back that which negligence was purposeful and deliberate
designed to compel plaintiff involuntary to accept an unnecessary
radiation procedure objectionable to plaintiff who being aware
of other approved less objectional options declined to consent
triggering defendants ire to compel plaintiff to submit to excessive
radiation and chemical enjections monthly for a year.

The Urologist Dr.Bhuta proposed a biopsi but never in advance
explained the dreadful manner he preforms"Inmate"biopsi" (difficult
to imagine he would subject anyone of free choice to like manner)

Namely plaintiff was actually on the procedure table before
he was informed that he would not be in anyway anesthetized or
medicated in any form.

That the biopsi would require ten(10) seperate individual cuts on the prostate gland (5) cuts on the left lobe of the gland and (5) individual cuts on the right lobe of the gland giving absolutely nothing to lessen the acute pain before,during nor after the procedure.

Four (4) days heavily bleeding immediately followed the biopsi procedure local medical personnel claimed the attending Urologist Dr.Bhuta had not directed plaintiff to receive any medication,incidental to the biopsi procedure "so none was given" but advised,void of inspection, that plaintiff should know to espect bleeding after the procedure.

Dr.Bhuta did not bother to explain and plaintiff was on the examining table his rear end fully exposed before he became aware of the dreadful prospect of being cut ten(10) separte individual times internally unanesthetized for had plaintiff appropriately been duely informed the urologist's obvious "inmate special" assuredly would not have occurred.

Thereafter plaintiff resolved to obtain appropriate pertinent information in advance of consenting to any further future medical procedures,trust at a low ebb and actual fear for his well being oweing to the like of reasonable trust.

On return appointment Dr.Bhuta advised that the biopsi revealed cancer, slowly developing in 10% of the left lobe of plaintiff's prostate gland and plaintiff would be alright with radiation and a year of monthly lupon injections.

(5)

That he,"Dr.Bhuta",did not do Radiation Treatment but was
refering Plaintiff to a Radiation Oncologist, Dr.Beatrous who
would explain.

As Plaintiff endeavored to question the urologist futher
as to options to the extensive daily (8) weeks of radiation
and lupon injections he was seemingly routinely proposeing seemed
both exstreme and perfunctory.

Plaintiff asked for pertinent radiation literature and
was told the oncologist Dr.Beatrous would provide the radiation
information.

When Plaintiff pose the question that since admittedly
the cancer was in slow progression and effect just 10% of the
left lobe of the prostate gland could the cancer portion of the
left lobe (10%) be excised.

The Urologist response to which was ;"It was all or nothing
that just a portion of the gland cannot be removed, surgery would
require removal of the entire prostate gland.

It was glareingly obvious that the urologist was not minded
to entertain the concerns of plaintiff the appointment was not
to inform but to instruct.

His biopsi result validated that the Inmate's prostste
gland left lobe was effected with cancer to the extent of 10%
other appropriate viable treatment options notwithstanding, void
of any awareness or impute of the supposed patient???
The urologist had determinded the treatment absented of any awareness
of plaintiff concerning an extensive radiation procedure.

(6)

The post-biopsi urological appointment was not to acquaint the patient(**Plaintiff**) with appropraite viable treatment options nor to respond to questions.

What is the goal of this proposed treatment(?)

How will the radiation be given?

When will the treatment begin?

When will it end (?)

How will I feel during therapy (?)

What can I do to take care of myself during therapy (?)

How will one know if the radiation therapy is working(?)

Will one be able to continue normal activities during treatment (?)

Plaintiff never, at any time, consented to external radiation treatment procedure erroneously claimed by Dr.Bhuta primarily because it presents the spectre of (8) weeks of daily radiation reasonably seems excessive where just (6) weeks is published in pertinent cancer literature (**National Cancer Institute**)

At the initial post biopsi appointment it became at once plain that the urologist's modus operandi (M.O.) in communicating with a prison inmate materially differed from how he would communicate with a patient not incarcerated bearing  thinly veiled racial suggestions.

No thought was given to inmates preference of approved viable treatment options as appropriate in plaintiff's situation.

The real or imagined security needs of the D.O.C. plainly is the deciding factor for deciding which treatment procedure a given inmate receives.

(7)

Plaintiff is effected with a slow developing cancer of the left lobe, of his prostate gland envoling 10% of which lobe.

Options are: leave it alone (Watchful Waiting); ratical surgical; (8) weeks of daily radiation exposure also exposing blatter and rectum to same radiation, and radiation implaints (size grain of rice) one time procedure.

Of the (4) four options plaintiff has consented for the implant treatment procedure which requre (2) or (3) days hospital stay- the D.O.C. void concern for what is best for the inmate prefers to transport (private service) plaintiff forth and back daily for a period of (8) weeks Monday thur Friday rather then allowing the less injurious treatment to occur.

The urologist, Dr.Bhuta Referred plaintiff to the radiation oncologist Dr.Thomas E. Beatrous who explained the afore options and suggested I discuss same with my family and or partner and return the following week with my decision he obliged my request for pertinent cancer literture to review "however" as if on cue , transportation personnel husstle plaintiff away with the "lets go the doctor is finished", it all seemed orchestrated that plaintiff was at once husstled away prior to his receiveing the requested pertinent cancer literature.

On plaintiff's return to the oncolgist, Dr.Beatrous, the following week supposedly to render a decision on which of the treatment options plaintiff had chosen was immediately informed that the oncologist was not available taken to a treatment room to commence preparation for the extensive (8) week radiation procedure void of preamble, the wishes and consent of plaintiff

(8)

be damned.

Did not consent for preparation faze to begin  and again requested pertinent cancer literture which was then given and was told I was quite correct in wanting to be informed prior to the procedure would be resheduled for the oncologist and provided the  pertinent cancer literature plaintiff previously had  requested.

The marginally literate private transportation personnel expressed outrage that plaintiff dare question the experts and was anxious and animated to report plaintiff's transgression namely, refusing to consent to extensive radiation uninformed.

On learning plaintiff had declined to consent to the (8) week daily radiation treatment in favor of seeding implants, a one time treatment with far less radiation exposeure to contiguous organs (Bladder-Erection Nerves,Rectum) All of which the Medical Services proposed (8) weeks radiation treatment (Opposed by plaintiff) would be directly exposed lost of penis erection altogether and the capacity to perform ever  again sexually via an ereck penis which fact the onologist had predetermined was not of significant moment as plaintiff was a (70) year old man.

The urologist assumptiom in which regard was far from the mark oweing to his having formed conclusions absented of any relevant impute from plaintiff.

Dr.Bhuta's recurrent reference to plaintiff's age repeatedly reasonably suggests the urologist views sexual impotency at age (70) in men as common and therefore not commanding of no indepth consideration in opposition to given proposed cancer treatment.

Plaintiff must and did respectfully decline the urologist's

(9)

Proposition namely, that for the real and imagined security of the plaintiff needlessly should voluntarily consent to exposed vital organs to extensive rediation when other appropriate considerably less radiation  exposing options are approved and excessable and void of the absolute certainly of permanent impotency incident to the treatment option favored by defendants and opposed by plaintiff.

At the point  defendants came to realize plaintiff had executed release from the Veterans Administration and Disabled Americans to have access and receive the full medical record, harassment progressed full force.

Several unanounced pointless trips to Dr.Bhuta unshedualed until finally in utter frustration the urologist directed that plaintiff be transported to U.A.B. Birmingham for the approved radiation implaint treatment on return to D.O.C.(Staton Cor.Fac. 04/19/05).

Dr. Williams and Mr.A.Bee(Medical Adminstrator) spent the greater part of an hour supposedly locating plaintiff's medical records Mr.Bee assured "WE will get to U.A.B(05-17-2005) Dr.Bhuta who expressed outrage that Staton Medical Service continue to transport plaintiff to his office instead of U.A.B. that his directives had been excited from plaintiff's medical primary records.

That he forthwith directing that plaintiff not again be transported to his office in the cancer matter and that plaintiff be transported to U.A.B. Birmingham **A.S.P.** Immediately on return from the urologist and witiness to all that was , **said** transportation officer **Booker and Bordoff,**

(10)

Ms.Lassiner (N.r.) was visionably upset after having read
the terse directive of the urologist and spoke in anger that
plaintiff would need consent to an additional "Biopsi"
(NO MENTION BY UROLOGIST) before going to U.A.B., Having just
returned  from the enraged urologist, Dr.Bhuta and access to
his terse directive that plaintiff be transported to U.A.B. Birmingham
"A.S.A.P." the urologist did not direct a repeat biopsi at any
time but did express grave concern that "all" his entries in
plaintiff medical record had been excised and he further directed
plaintiff not to be returned again to his office in the cancer
matter.

Immedialely thereafter plaintiff is confronted with nurse,
Lassiner in full blown anger after having read the urologist's
directive instruction also aware plaintiff had a copy of the
communication (eyes flashing anger) annouced plaintiff would
need to consent to biopsi before being sent to Birmingham"Plaintiff
recalls remarking to nurse Lassiner" that dog  won't hunt" that
the urologist has made no mention of the need for an additional
biopsi that in  utter frustration they both individually and
collectively have render  it most difficult to regard anything
they say as either true or reasonablly commanding of belief.

Plaintiff indicated he would formally file for relief which
obviously was regarded as an all-to-common inmate vent of frustration
not commanding of either P.H.S.'s concern nor attention.

Since Dr.Bhuta no longer was accessable plaintiff was transported
to a new urologist Dr.Shashy of Montgomery for a biopsi procedure
in the blind because as usual appropriate and required medical
information was not sent and Dr.Shashy stated he appreciated
the referal but that he would not do the procedure unless the

(11)

appropriate information was faxed, that he dosen't perform any
procedure in such fashion and was suprised they sent him nothing
and since plaintiff had not consent to the procedure it was senseless
bringing him there.

Dr.Robbins located at Kilby Cor.Fac. is the trigger for
all medical movement in the D.O.C.

In this case, it has been allowed a, dreadful inanesthized
biopi, three bone scans, three separate and individual extensive
back and chest inhouse x-ray exposures, and now a proposed second
biopi,& dye injection x-ray at Kilby, knee x-rays at Danalson.

Plaintiff was **"Approved"** for seeding omplants directly after
the initial bone scann showed no spread of the Prostate Cancer
the appropriate time for the radiation implant procedure to have
been done notwithstanding which P.H.S., for actual reasons best
known to itself, at which point, began aggressive overt activation
of a concert action to deny plaintiff timely treatment in a life
threatening critical situation.

Defendant individually collectively and in concert and by
design purpose to frustrate plaintiff to the extent he would
consent to the radiation procedure he rejects [They misread plaintiff's
 resolve] and saw only an inmate in defiance of P.H.S.'s common
Modus Operandi, as pertains to any inmate matter.

Plaintiff was formally approved for radiation inplants in
2003 and was never taken to the designated location (U.A.B.)
to receive the vital and urgently timely cancer treatment, defendants
wilful indifference, concerted deliberate defiance and procrastinations
the initially limited early local slow developing prostate cancer

(12)

(10%. left lobe)

Unnecessarily and in plain bad faith been allowed to spread
to plaintiff's lower back and chest also, subsequent to the first
favorable scann needless exposed plaintiff body to numerous
x-ray exposure duplications at several different locations not
once did plaintiff receive an iota of medical treatment purposed
in circumvention (over period of two years continually), of plaintiff
timely receipt of the P.H.S. approved radiation implant treatment-
needless duplication of needless bone scanns and extensive additional
x-ray exposures, transporting plaintiff back and forth void of
appointment and requisite medical records.

Specialists continually express concern for plaintiff without
appointment or advanced notification frequenting their offices
instead of transported to U.A.B. for implants as approved.

Defendants inconcert, over a period of the preceeding two years
,in bad faith and wilfully, have pursued an election to deny
plaintiff critical timely approved medical treatment of designed
to frustrate plaintiff to the point he involuntarily consent
to undergo an extensive (8week daily) radiation treatment instead
of the one time treatment implants plaintiff preferred withheld
vital chronic care medication or allowed to run out on lact of
timely recorder, out right lie that the doctor had not entered
the given medication in the record "hurbrist" and rude routinely
on respectful relevant inquiry, without being seen or having
contact with plaintiff in any form prescribed medications are
changed without explanation, dosage encreased or decreased filing
the least notice of side effects plaintiff was subjected continuously
to two months of chronic hard dry coughing,painful swollowing

(13)

left side of throat intially begun almost immediately after returning
from a bone scann procedure.

The ranking medical person on duty was Nurse (N.P.) Lassiner
who did not examine plaintiff after the vital signs were noted
by the L.P.N. sight unseen as Nurse Lassiner a few feet away
and in view never condescend to check plaintiff provided two
tyienols  vis the L.P.N promising  to provide further medication
at the pill call window which she never did.

Mr.McArthur (N.P) Chronic Care two months hence informed
plaintiff that the side effect of the medication **Vasitex** was
Chronic dry coughing which nurse Lassiner well knew and wilfully,
in bad faith, failed to alert plaintiff to the cause of his needless
distress- two months of this night and day, and especially at
night, hard dry coughing and tenderness"left side of the throat "
and intense painful sensation left side of throat after two months
of needless painful discomfort to be cavalierly informed by Mr.McAuthur
(Chronic Care N.P.) that the side effects of the medication **Vasitex**
was chronic dry coughing- plaintiff had never previously been
cauctioned and subsequent to which discovery P.H.S. continued
to order and attempt to provide plaintiff the same offending
medication.

Conversely, the medication **"Flo-Max"** percribed by the urologist,
Dr.Bhuta is significantly more effective the urologist directed
the plaintiff receive same and initially twice provided a two
week supply, when the supply provided by Dr.Bhuta was exhusted
Medical Service claimed that the urologist had not entered in
the record for the **Flo-Max** to continue which plaintiff well knew

(14)

to be by far less than forthright having actually read the record,
both urologist Dr.Bhuta and  Oncologist Dr.Beatrous directed
the **Flo-Max Medication** to continue.

The Urologist twice advanced a two week supply local D.O.C.
medical personnel (Bibb.Cor.) made no timely provision for the
vital medication but continually and wilfully misrepresented
that no futher order for continuation of the **Flo-Max** was of record
which plaintiff knew to be far less than forthright.

Plaintiff initiated a formal release for the Veterans Administration
and  Disable American Veterans (Formal Power of Attorney), to
have access to plaintiff's medical records, plaintiff received
a copy via the Veterans Adminstration,.

After confronting the locaL MEDICAL PERSONNEL at Bibb.Cor.
with the pertinent directive of the urologist contained in the
record the attending doctor asked consent to make a copy of plaintiff's
copy of the record as they(the local medical service) had yet
to receive a copy of which report, consent was given-However
the continuing vascilation of timely ordering of the percribed
medication continued as before and, as often as not,plaintiff
was denied access regularly on one pretense or the other and
did thereby cause plaintiff unnecessarily urinational pain and
 discomforts he otherwise would not have been subjected had plaintiff
appropriately been provided as directed by the urologist.

May 17,2005 plaintiff's finial contact with the attending
urologist Dr.Bhuta then in utter frustration with Prison Health
Service and obliging D.O.C. perchance continually of ignoring

(15)

the treatment directives of the specialist and excising which
treatment directives from the primary medical records.

     May17,2000 Dr.Bhuta discovered that not one of his several
treatment directives was contained in the supposed primary treatment
record and his response to which grossly inappropriate removal
of pertinent medical treatment instruction from the  primary
file wilfully purpose to mask continual duplication of treatment
procedure,was to instruct the D.O.C. transport personnel directly
and also in written form that they were not to return plaintiff
to his office again in the cancer matter and to transport plaintiff
A.S.A.P. to **U.A.B. Birmingham** for seeding radiation implants
that were approved for two years also notified Dr.Robbin at Kilby
Montgomery to ficilitate the movement.

     On return from the final unsheduled and unwarranted vist
to Dr. Bhuta's office medical personnel at Staton Correctional
Facility expressions mirrored outraged on reviewing the urologist's
terse instruction and fumble about to lecate the supposed missing
entries from the primary medical record informed plaintiff they
would get him to U.A.B. at Birmingham for the approved seeding
radiation implants but instead continued the merry-go-round of
duplication of medical procedures needlessly and at all times
void of any explanation, which irreconcliable excesses are inclusive
of but not limited to three (3) bone scanns;three(3) separate
inhouse extensive back and chest X-ray exposures six (6) unsheduled
and unwarranted return to the urologist Dr.Bhuta who repeatedly
directed otherwise; routinely short-stopped from being seen by
the facility's supposed attending  doctor,nursing staff personnel
and administrator Mr.Arron Bee and the doctor goes along to get
along.

(16)

Plaintiff arrived at the Staton Correctional Facility a year past with P.H.S. formal approval for radiation seeding implants at U.A.B. at Birmingham.

The initial bone scann revealed no spread of the prostate cancer thereby undeniably the point at which to place the radiation seeding implants arresting the possible spread of the prostate cancer instead of which Staton's Medical Administrator, Mr.A.Bee and medical personnel begun a merry-go-round of defiance to deprive plaintiff of the approved medical treatment of seeding radiation implants.

Transporting plaintiff repeatedly to the primary attending urologist, Dr.Bhuta, without appointment nor advance notice to be advised by the attending urologist that plaintiff had elected for radiation seeding and should be taken to U.A.B. for that approved treatment voicing suprise and disdain for P.H.S.'s transporting plaintiff without notice to the extermely busy urologist office to no purpose other than to frustrate the follow-through on the approved radiation seeding treatment and persuade plaintiff to submit involuntarily to a considerably more extensive radiation exposure, needlessly but convenient to D.O.C.'s falsly perceived security concerns.

Defendant(s) wilful indifference to an unarguably major and critical medical situation, which wilful indifference has resulted in the spread of the localized slow developing prostate cancer to plaintiff's lower back and chest area in violation of plaintiff's  8th. Amendment Right to adequate medical care, and P.H.S operating under the aegis of  Alabama's  State Prison System, which allows it access to its involuntary wards stands

as one and diligent reasonable monitorial observation at the very least implied and accountability assured.

The State's wilful indifference P.H.S.'s denial of approved specialist directed medical care in a timely manner in a critical situation is accountable under the <u>8th Amendment of the United States Constitution</u> and also under ]12[ <u>42 U.S.C. § 1983 ;</u>states

<u>"Every person who,under color of any statute, ordinace, regulation,custom, or usage of any State or Territory, subjects, or cause to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Law, suit in equity, or other proper proceedings for redress".</u>

That attending urologist Dr,Bhuta, on several occasions directed both D.O.C. and P.H.S. that plaintiff should be transported to U.A.B. Birmingham for the **"APPROVED"** seeding implant treatment and not continually transport plaintiff unsheduled to his office void of treatment purpose as plainly he dose not conduct radiation treatment the province of radiation oncologist and that should be transported to U.A.B. as approved <u>A.S.A.P.</u>

The touchstone of due process of law is the protection of individuals against wilful arbrtrary action of government-so critically facially evident in the instant complaint pleading.

An inmate in a State Penal Facility has a **Constitutional Right**, to adequate medical treatment,<u>Estelle V.Gamble, 429 U.S. 97 S.Ct. 285,50 L.Ed.2d.251 (1976)</u>

(18)

An evidentiary hearing is warranted in order to determine whether an inmate in a State Penal Facility is receiving adequate medical attention, see <u>Exparte</u> Boatright, 471, So.2d. 1257(1985) <u>Washington V.State,</u> 405 So.2d.62(Ala.Cr.App.1981)

Submit that wilful indifference to major critical timely medical treatment needs of plaintiff by defendant(s) individually,collectively and in concert and which,in this complaint, wilful negligent indifference defendant(s) have directly, have caused the unecessary spread of prostate cancer to the lower back and chest and such fatal indifference can form the basis for section 1983 cause of action (41 U.S.C.A. §1983)

Overall treatment of plaintiff by defendant(s) as pertains to his urgently critical medical situation, seen in its best possible light, has been and continues to be arbitrary and capricious, request for results of lab or B.P. count generally regarded by P.H.S. personnel as an affornt to even respectfully asked a reletive question pertaining to one's medical treatment, at all times exuding an hubris persona in wilful indifference to plaintiff's critical medical treatment concerns routinely short-stopping continually plaintiff's access to Staton's Facility's Doctor via ruse or often out right lies.....

(19)

That plaintiff is currently an inmate of Alabama Department Of Correction (# 167644 E-7-2) at the Staton Facility.


Has been continously incarcerated in the Alabama Department of Corrections since September, 1992 prison record altogether free of any disciplinary or counsel infraction.

Excellent work reports of record, U.A.B. lecture series regular participant, Trade School (Electrical) participation.

Plaintiff is a 72 year old honorable retired Army Disabled Korean War Veteran with individual personal commendation, past Senior Vice Commander and certified service officer Chapter # 14 D.A.V.Tuskegee Alabama an Alumnus Tuskegee University and Auburn University    at Montgomery Alabama.

That in support of the instant complaint plaintiff has obtained via the offices of the Veteran Administration to whom plaintiff provided formal authorization to access pertinent medical records and upon his receipt of which provided plaintiff a copy attached in this complaint.

At a hearing on this crucial and urgently timely complaint (severe chronic fatigue constant and unattended )plaintiff shall be able to show plainly defendant's continual orchestrated wilful indiff-

(20)

erence, to resonsively directed and formally approved specific medical treating, which wilful indifference has unnecessarily allowed the spread of prostate cancer to spread to plaintiff's lower back and chest has placed the plaintiff's actual life and well being in terminal jeopardy void of the least remorse.

At Staton Correctional Facility, over a continious period in excess of a year P.H.S.'s Nursing personnel have by design short-stopped plaintiff from being seen by the Facility's attending doctor on one ruse or another always falls short of plaintiff actually being seen by the doctor.

Charitably speaking, the common denominator of P.H.S.'s nursing personal in particular and a few others is best expressed and accurate as hubris, argumentive and sadly tempermentally unsuited for the vocation they are allowed to engage and at all times as if unaware their appropriate function is to excite and encourage healing not,to abuse nor **"KILL"!**

Plaintiff respectfully move this Honorable Court to issue to Prison Health Service (P.H.S.); Dr.Thomas E. Beatrous M.D.(Radiation Oncologist); Dr.P.B.Bhuta,(Urologist); Dr.W.Williams M.D.; (Cancer Care Center (Montgomery [334-2003-2004); Mr.A.Bee, Medical Administrator at Staton Correctional Facility; Nurse Lassiner N.P. at Staton Correctional Facility;**"Subpeona Duce Tecum"** compelling which defendant(s), and or witness to timely provide this Honorable Court and Plaintiff a detailed true and accurate record account of each and every contact with plaintiff over the immediately previous two (2) years especially inclusive of

Radiologist reports on all treatment procedures performed namely,
chemical injection x-ray at Kilby; Three (3) bone Scann (each
at new location; Biopsi (Dr Bhuta); three (3) seperate inhouse
(Staton) extensive x-rays of both back and chest, several trips
to Dr. Bhuta void of schedule or purpose, wilful procrastinative
defiance of timely compliance with approved urgent treatment dir-
ective for radiation seeding implants at U.A.B. Birmingham that
which continual and deliberate dalliance of defendants unnecessa-
rily has occasioned the slow-developing localized prostate cancer
(10% left Lobe) to spread to plaintiff chest and lower back not-
withstanding which ominous development defendants, locked in a
mean determination to deprive plaintiff of an approved (2 years)
medical treatment simply because the treatment option approved was
of plaintiff's own election instead of the consummately more perv-
asive radiation cancer treatment option, for reasons best known to
themselves designed to exposed plaintiff unnecessarily.

   See F.R.E. 501. As this is an action for damages and injunctive
and declarative relief under § 1983, The substantive rule of
decision on the plaintiff's claim is provided by Federal Const-
itutional Law, not State Law.

   As for plaintiff request of subpeona of Medical records pertinent
to the instant complaint there is this; The State statute relied
upon is irrelevant under  F.R.E.501, and there is no Federal common
law privilege protecting the records subpeona, especially if    the
subpeona is sought by the very person whose interest in the privacy
of the records is at stake.

For good cause, plaintiff stands void of trust and fearful for life and well being brought brought about regular expressions of wilful indifference to critical medical situation, defendants generally more atuned to socializing among themselves at work and or outside line telephone communication than adquately attending inmate medical complaints commonly entertained as a nuisance by P.H.S. medical personnel, rare exception do occur in which flow but all too soon also cought up in it.

Request that this Honorable court allow for a second medical opinion in this pleading independent of the D.O.C. and P.H.S and without costs to P.H.S. in plaintiff capacity of Honorably Retired (Army) Disabled korean Veteran he is entitled to unreatricted priority medical care at any Military or Veterans Administration Hospital or priority basis. Therefore ask that this Honorable Court allow an unbias opinion of the progression of the unattended prostat cancer and plaintiff's present medical situation for an accurate determination of the cancer's progression oweing to the deliberate and wilful indifference of the defendants and report of which medical evaluation be directly provided
This Honorable Court.
Plaintiff literally fearful for his life.......

Submit that which wilful abuse of authority and critical denial of timely approved medical treatment can form the basis for section 1983 cause of action (42 U.S.C.A.§ 1983).

(23)

Plaintiff has been treated arbitrarily and capriciously in plain bad faith, gross disregard of plaintiff actual life and healthful well being purposed to compel plaintiff involuntarily to undergo an unnecessary extensive radiation exposure treatment procedure accompanied with lupron chemical injections monthly for a year, catagorically rejected by plaintiff as markedly excessive, being daily exposed to radiation over the trunk area of the body (Mon-Fri) for two (2) months and in addition to which chemical lupon injection monthly. Having obtained and perused pertinent cancer leterature and given that biopsi revealed a slow developing cancer in 10% of the left lobe of the prostate gland the proposed radiation treatment defendants would compel plaintiff to undergo is excessive and unnecessary and especially given the continual downward fluctuation in plaintiff's P.S.A. count which defendants continue reluctance to share.

Plaintiff is vested with an Eight Amendment Right to adequate medical care while incarcerated , defendants vengeful indifference has resulted in critical injury to plaintiff.

[12] 42 U.S.C. § 1983 States;

Every person who, under color of any statute, ordinance regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff currently suffers severe constant chronic painful fatigue in trunk and links periodic annal bleeding inbalance in locomotion and standing limitation.

Plaintiff asks of Prison Health Service ($ 2,000.000- Two Million dollars) compensatory damages and ($ 8,000.000 Eight Million Dollars punitive damages; Alabama Department Of Corrections compensatory damages ($ 2.000.000 two million dollars) punitive damages ($ 3.000.000 three million dollars), Mr. Bee, Medical Administration Staton Facility ( $100.000.00 One Hundred Thousand dollars) compensatory damages ($ 150,000.00 one hundred fifty thousand) punitative damages; Nurse Lastiner, N.P. ($100,000.00 one hundred thousand dollars) compensatory damages ($ 150,000 one hundred fifty thousand) punitive damages; Dr. Walter William, Tutwiler (formerly Staton) ($50,000. Fifty thousand dollars) compensatory and ($100,000. dollars) punitive damages. Practi-calnurse Austin (Staton -$ 25,000. twenty five thousand dollars) compensatory damages and ( $ 50,000.) punitive damages ; officer (CO-1 Webster- Staton ($ 50.000 Compensatory damages and ($ 100,000.) one hundred thousand dollars) punitive damages; Doctor Bhuta and Roblin at Kilby) ($ 100,000.) compenstory damages and ($ 150,000.) punitive damages; at Bibb Corrections Facility, Captain Fredrick Freeman ($50.000 fifty thousand dollars compensatory damages; Sargent Butler ($ 50,000. fifty thousand dollars compensatory damages and ($100,000 one hundred thousand dollars punitive damages; Officer Parker (CO-1) Compensatory damages ($25,000 twenty five thousand dollars) and punitive damages ($50,000 fifty thousand dollars.)

Plaintiff in this complaint request and moves this Honorable United States District Court Middle District Of Alabama Eastern Division to grant and issue to defendants in this cause general and specific and for good cause and valid cause the writ of " Subpeona Duces Tecum" instructing both defendants and witnesses to provide this Honorable Supreme Court Of United States and plaintiff true and accurate copies of each and every medical consult and medical record pertaining to plaintiff overall medical situation inclusive of each and every medical procedure for the period of the year 1997 through the current year 2005; all medical consults Radiologist; renderings of each and every x-ray taken during period; bone scanns (3); Biopsi; Dye injection x-ray procedure; three (3) individual seperate inhouse (Staton) extensive back and chest x-rays, of each and every medical treatment and or procedure during the afore specified period (1997-2005).

Now being at a critical stage of the prostate cancer progression plaintiff request that this Honorable Court under this extremely critical medical situation that plaintiff be allowed to be seen and evaluated at Maxwell Military Hospital Or The Veterans Administration where at either facility plaintiff is entitled to unrestricted medical services or a priority basis void of any cost to the state.

That the requested for Subpeona Duces Tecum be granted and issue to defendants for timely compliance that plaintiff's immediate medical need be timely and appropriately attended during the course of these proceeding and cooperation with qualified court directed second medical opinion be assured.

(26)

Declaratory and injunctive relief sought [127 42 U.S.C. § 1983]


And such other relief in addition to which this Honorable
Court deems commanding and appropriate.


                                    Respectfully Submitted

                                    Robert L. McCray,Sr.ProSe
                                    A.I.S. 167644 E-7-2
                                    P.O. Box 56
                                    Elmore,Alabama
                                            36025-0056

## ARGUMENT

The basis  for this timely complaint by the plaintiff
Robert L. McCray are clear the grounds are  set forth the actions
of the defendant(s)  are documented and in concert, the plain
facts of the matter are as follows.

Robert L.McCray an 72 year old male Inmate within the Penal
System of the State of Alabama has been the victim of wanton
infliction of pain at the very hands that were supose to have
provided not only Custody, but Care as well have subjected him
to Deliberate Indifference to serious medical needs, the un-anesthetized
biops of the prostate (10 separate & individual internal cuts).

The Defendant(s) have allow the continued spread of the
slow developing prostate cancer to spread to the chest and back
of the plaintiff even though the necessary treatment had been
authorized and approved this shows the wilfull and deliberate
indifference.

The record stands factual on its face the Plaintiff enters in
to the record evidence of the continual malice, mental aggravation
and torment inflicted upon the plaintiff by the defendant(s)
in  the form of unpaid medical bills and harassment from credit
collection companies for overdue  medical bills that are the
sole responsibility of the A.D.O.C. and P.H.S. the contractual
obligatory to the creditors **(see Exhibits A-F)**

This instant complaint  falls under the statue govern in
**Estelle V.Gamble,** 429 U.S. 97,104-05,97 S.Ct.285,291,50 L.Ed.2d.251
**(1976)** that states in pertinent part: "We therefore conclude

that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton inflection of pain....... proscribed by the Eighth Amendment.This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983".

Futher more the Supreme Court **[in Polk County V[Dodson] 454 U.S.312,[70 L.Ed.2d.509,102 S.Ct.445](1981)],** and followed in Calvert, is that a professional, when acting within the bounds of traditional professional discretion and judgement, does not act under color of State Law, even where,as in Dodson, the professional is a full-time employee of the state,Where the professional exercises custodial or supervisory authority, which is to say that he is not acting in his professional capacity, then a §1983 claim can be established, provided the requisite nexus to the state is proved."815 F.2d.,at 995

As with  Polk County  we ask that the standard be reviewed and applied as such (see **Polk County,454 U.S.at 320,70 L Ed.2d 509,102 S.Ct.445:** The Manual governing prison health care in <*pg.51> **North Carolina's institutions declares:**"The provision of health care is a joint effort of correctional administrators and health care providers, and can be achieved only through mutual trust and cooperation.9 Similarly, the **American Medical Association Standards for Health Services in Prisons(1979)** provides that medical personnel and other prison officals are to act in "Close

(29)

cooperation and coordination "in a "joint effort". Preface,at
i; Standard 102, and Discussion.

The issues are clear the facts are evident the plaintiff respectably
seeks the end of justice and that the facts be known of the cruel
and  sadistic deliberate indifference to the serious medical
needs and the  denial of adequate timely medical attention on the
part of the Defendant(s) collectively,individually and in concert.

It Is So Prayed

Robert L.McCray #167644/E-7-2

PLAINTIFF(pro-se)

# CERTIFICATE OF SERVICE

*I hereby certify that a true and correct copy of the foregoing was mailed to the below listed parties by placing the same in a pre-paid postage and properly addressed envelope and depositing the same in the U.S.Mail on this the* 31 *day of* August *2005.*

SERVICE TO:
CLERK OF THE UNITED STATES DISTRICT COURT
 DEBRA P.HACKETT
P.O.BOX 3711
MONTGOMERY,ALABAMA.36101

Office of the Attorney General
    Alabana State House
Mr.Troy King
11 South Union Street
Montgomery,alabama.36130

SUBMITTED BY
*Robert L. McCray*
A.I.S.#167644/E-7-2
STATON COR.FAC.
P.O.BOX #56
ELMORE,ALABAMA.36025-0056

The aforenamed after making themself known to me Tyrone Jenkins a Notary Public for the said County of Elmore, Alabama did after being sworn and subscribed to before me and "I" placing my offical seal this 31st dat of August 2005

**SEAL**                    Notary Public _____

My Commission Expires 03-06-05

(31)