IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT L. MCCRAY, #167 644      *

    Plaintiff,      *

    v.      * CIVIL ACTION NO. 2:05-CV-887-MEF
           (WO)
PRISON HEALTH SERVICES, *et al*.,      *

    Defendants.      *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 complaint on September 19, 2005 alleging that Defendants failed to timely provide adequate and proper medical care. The named defendants include Prison Health Services, Inc., Dr. Mike Robbins, Dr. Walter Williams, Dr. Pleasant, Dr. D. P. Bhuta, Dr. Thomas Beatrous, Dr. McClaim, Nurse Lassiner, Nurse Austin, Mr. Arron Bee, "Medical Administrator[s] (Bibb Correction)," State of Alabama Department of Corrections, Captain Frederick Freeman and Sergeant Thomas Butler of the Bibb County Correctional Facility, Lieutenant Jones of the William E. Donaldson Correctional Facility, and Officers Bordoff, Webster, Parker, and Booker of the Staton Correctional Facility.

Upon review of the actual allegations presented in the complaint, as amended, the court concludes that, for the reasons that follow, dismissal of some of the defendants and/or claims are appropriate either in the interest of justice and for the convenience of the parties or under the provisions of 28 U.S.C. § 1915(e)(2(B).

## I. DISCUSSION

Plaintiff has prostate cancer. He alleges in his complaint that at no time prior to 2002 was he informed of the "suspected developing cancer nor the high fluchuateing [sic] P.S.A. indicative of cancer in progression." (Doc. No. 1, pg. 3.) Also in the original complaint, Plaintiff asserts that for five years (between 1997 and 2002), "D.O.C. Medical Service failed wilfully to inform plaintiff that he, at least, more likely than not was effected with prostate cancer." (*Id*.) In an amended complaint filed pursuant to court order, however, Plaintiff states that he first became aware of and/or was advised that he had prostate cancer in January 2003. (Doc. No. 9, pg. 2.) He maintains that Defendants' failure to provide him with critical and vital medical care violated his constitutional rights and allowed a "slow developing localized prostate cancer unnecessarily to spread to [his] chest and lower back." (*Id*.)

*A. Statute of Limitations*

As noted, Plaintiff filed this action on September 19, 2005. Consequently, with regard to his complaints about the medical care and treatment he received for prostate cancer, any such claims which arose prior to September 19, 2003, and to the extent they are applicable to the defendants named herein and who are not otherwise subject to dismissal from this case on other grounds, are subject to dismissal on statute of limitation grounds.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

According to the complaint, Plaintiff maintains that various medical conditions he experienced between 1997 and 2002, *e.g.*, heavy night sweating, heavy rectal bleeding, and chronic muscular spasms, were symptoms of developing prostate cancer which Defendants failed to properly diagnose and treat. In January 2003 Plaintiff learned he had prostate cancer. He filed this action more than two years later, on September 19, 2005, complaining about the care he received prior to learning of the diagnosis as well as the treatment received since that time. The actions about which Plaintiff complains and which occurred on or before September 19, 2003, however, are barred by the applicable statute of limitations. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as

amended).¹  Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing.  Consequently, the applicable statute of limitations expired on the claims arising from the medical treatment Plaintiff received prior to September 19, 2003 on September 19, 2005.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2.  In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

---

¹The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision.  In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, as amended, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims related to medical care and treatment provided prior to September 19, 2003, is brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that any challenge to the medical care Plaintiff received prior to September 19, 2003 is barred by the applicable statute of limitations and those claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. Defendants "Medical Administrator - Bibb Correction," Freeman, Butler, & Jones*

Plaintiff has been incarcerated at the Staton Correctional Facility ["Staton"] since June 2004. Prior to his transfer to Staton in June 2004, Plaintiff was housed at the Bibb County Correctional Facility where he had been housed since 2001. Prior to his transfer to the Bibb

County Correctional Facility, Plaintiff was housed at the William E. Donaldson Correctional Facility and had been so housed since September 1992.[2] (*See* Doc. No. 9, pg. 1.)

To the extent Plaintiff seeks to challenge actions which occurred during his confinement in either the Bibb County Correctional Facility and/or the William E. Donaldson Correctional Facility, the court concludes that such claims should be dismissed without prejudice and prior to service of process so that Plaintiff may have the opportunity to file a complaint concerning events which occurred in those jurisdictions in the appropriate federal court.

Both the Bibb County Correctional Facility and the William E. Donaldson Correctional Facility are located within the jurisdiction of the United States District Court for the Northern District of Alabama. Moreover, Defendants "Medical Administrator - Bibb Correction," Captain Frederick Freeman, and Sergeant Thomas Butler are or were employees of the Bibb County Correctional Facility at the time the events about which Plaintiff complains occurred, and Defendant Lieutenant Jones is or was an employee of the William E. Donaldson Correctional Facility at the time the events about which Plaintiff complains occurred. Thus, the claims presented in the instant complaint challenging actions taken against Plaintiff by Defendants "Medical Administrator - Bibb Correction," Captain Freeman, Sgt. Butler, and/or Lt. Jones during his confinement at either the Bibb County

---

[2] Although Plaintiff indicates he was incarcerated at the William E. Donaldson Correctional Facility from "September 1992 through June 2004," it appears that he was transferred from Donaldson in *2001* to Bibb County Correctional Facility where he remained until June 2004. (*See* Doc. No. 9, pg. 1.)

Correctional Facility or the William E. Donaldson Correctional Facility are beyond the venue of this court and should be dismissed without prejudice to allow Plaintiff an opportunity to file a complaint raising these claims in the appropriate federal court.

*C. The Private Physicians*

Plaintiff files his complaint against Drs. Bhuta and Beatrous, free world physicians with practices located in Montgomery, Alabama. These defendants treated and/or examined Plaintiff's condition on various occasion. Plaintiff's claims against Defendants Bhuta and Beatrous concern his dissatisfaction with their provision of medical services in treating his prostate cancer and/or their alleged failure to provide appropriate and adequate medical treatment in relation thereto. Plaintiff is entitled to no relief from Drs. Bhuta and Beatrous in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50. (emphasis in original).

The medical treatment Plaintiff received from Drs. Bhuta and Beatrous was not provided by persons acting under color of state law nor persons who in any way could be considered state actors. The pleadings before the court fail to show a constitutional obligation delegated by the State to Drs. Bhuta and Beatrous. Thus, Plaintiff's claims against these Defendants are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

*D. Officers Bordoff, Webster, Parker, and Booker*

Plaintiff names Correctional Officers Bordoff, Webster, Parker, and Booker as defendants. The complaint, as amended, however, is devoid of any complaints or allegations against these defendants and/or devoid of any claim of constitutional proportion against these correctional officers. The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against Defendants Bordoff, Webster, Parker, or Booker. While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, this complaint is devoid of any comprehensible cause of action against Defendants Bordoff, Webster, Parker, or Booker and they are, therefore, due to be dismissed as parties to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

*E. The State of Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless

of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims of inadequate medical care against Defendants which occurred prior to September 19, 2003, be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as such allegations against Defendants are not filed within the time prescribed by the applicable period of limitations;

2. Plaintiff's claims arising from actions taken against him during his confinement in either the Bibb County Correctional Facility or the William E. Donaldson Correctional Facility be DISMISSED without prejudice to the rights of Plaintiff to file a separate 42 U.S.C. § 1983 action in United States District Court for the Northern District of Alabama;

3. Defendants "Medical Administrator (Bibb Correction)," Captain Frederick Freeman, and Sergeant Thomas Butler of the Bibb County Correctional Facility, and Lieutenant Jones of the William E. Donaldson Correctional Facility, be DISMISSED as parties to this cause of action;

4. Plaintiff's claims against Defendants Bhuta and Beatrous be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2(B)(i);

5. Defendants Bhuta and Beatrous be DISMISSED as parties to this complaint;

6. Defendants Bordoff, Webster, Parker, and Booker be DISMISSED without prejudice as parties to the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii);

7. Defendant State of Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

8. This case with respect to the remaining claims and defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 1, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of January 2006.

                                          **/s/ Delores R. Boyd**
                                          DELORES R. BOYD
                                          UNITED STATES MAGISTRATE JUDGE