IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT L. MCCRAY                              *

    Plaintiff,                                      *

v.                                                       *           2:05-CV-887-MEF
                                                                                        (WO)

PRISON HEALTH SERVICES, *et al.*,        *

    Defendants.                                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this action on September 19, 2005. On January 20, 2006 the court directed the Clerk of Court to serve a copy of the complaint on defendants.

On January 31, 2006 the envelope containing Defendant McClain's copy of the complaint was returned to the court as undeliverable. Consequently, on February 2, 2006 the court entered an order which notified Plaintiff that service of process had not been obtained on Defendant McClain. (*See* Doc. No. 20.) This order advised Plaintiff that if a person had not been served, he/she was not a party to this lawsuit except in very unusual circumstances. Plaintiff was, therefore, directed to furnish the Clerk's Office with a correct address for Defendant McClain. The above-referenced orders further advised Plaintiff that the court would not continue to monitor this case to ensure that the defendants Plaintiff wished to sue had been served. Plaintiff was informed that this was his responsibility. The order also

informed Plaintiff that if he failed to comply with the court's directives, Defendant McClain would not be served, he would not be considered a party to this action, and this case would proceed only against those defendants on whom service was perfected.

Plaintiff has filed no response to the court's February 2, 2006 order. The court, therefore, finds that service of the complaint has never been perfected on Defendant McClain and no exceptional circumstances exist which warrant his inclusion as a defendant in this case. Accordingly, Defendant McClain is due to be dismissed as a party to this complaint. *See* Rule 4(m), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendant McClain be DISMISSED

2. Defendant McClain be DISMISSED as a party to this case; and

3. This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 17, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd day of April 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE