Robert L. McCray
    Plaintiff
V.
Prison Health Services, Inc. ETAL
    Medical Defendants

2:05-CV-887-F

## *Plaintiff's answer to Medical Defendants Special Report*

    Comes now Plaintiff, Robert L. McCray, in answer to medical defendants special report of April 13, 2006. That plaintiff hereby solemnly affirms, under penalty of perjury, that the follow answer response to medical defendants special report to be true and accurate to the very best of his knowledge, recollection and belief.

    Plaintiff indeed was incarcerated at multiple correctional facilities in the state of Alabama during the period of 1992-2006. A single case prison record free of any disciplinary or counsel infractions. Never informed of the supposed prostate cancer prior to 2003.

    Plaintiff signed formal release for the Veterans Administration and Disabled American Veterans to have access to medical record (2003) only then was plaintiff aware of the overall continual willful indifference of the medical defendants. Could not formally complain at Donaldson because plaintiff did not receive a copy of the medical record until 2003. Though formally paroled November 23, 2005 was not actually released until January 21, 2006.

    Plaintiff at no time ever consented to any radiation procedure other than the seeding implant. Repeatedly requested cancer information to no avail. As Dr. Bhuta voiced concern but rather instructed that plaintiff undergo the extensive radiation procedure of his sole election notwithstanding other viable materially less radiation exposing options particularly since on 10% of the left lobe of the prostate gland supposedly was effected. To say plaintiff at any time ever considered let alone agreed to eight (8) weeks of daily radiation is untrue. Most of the Medical Defendants in this complaint plainly evidence difficulty in objective communication with a given inmate not inclined to accept their respective offerings without question.

    An appropriate hearing will show Medical Defendants collectively and in concert are materially less than forthright and have engaged in individual and concerted harassment, falsify medical records, prescribe injurious, inappropriate medications and withhold appropriate prescribed medication.

    Plaintiff arrived at the stating facility for approved for the seeding implant and PSA at an historical low yet nothing was done but continuation of the same harassment. Ever ready to immediately commence the extensive radiation rejected option but collectively refer plaintiff back and forth among themselves in frustration of formally approved option of seeding implant elected by plaintiff.

    Will show continual harassment, withheld prescribed medication and falsification of medical records willful refusal to follow through on urgent medical treatment.

    Can show as early as 2/7/03 The record shows plaintiff should have received the approved seeding the communication shows Dr. Beatrous communicated with Dr. Robbins and Dr. Bhuta notwithstanding again nothing was done but continual avoidance. Medical Defendant Special Report stands replete with material misstatements of facts.

    It is alarming to view plaintiff's medical record material misstatements and outright untruths brazenly abound the extent to which these defendants go to poison an inmate's medical record. Had plaintiff not obtained a copy of which record it would be difficult to believe they would allow their respective passions to stray so far from common reason and decency.

Respectfully submit that the medical defendants have so compromised the record of this pleading that a formal hearing is indicated to determine the factual details and honorable court of law.

We would ask Dr. Bhuta that in his inesthetized biopsy procedure on plaintiff did he also omit providing Moxifloxacin HCL 400 MG the morning of the procedure and for two mornings thereafter. Gave absolutely nothing before, during nor after the inesthetized surgical procedure.

Would ask Nurse Lassiner dry-coughing sounding like a junkyard dog knowing full well the new medication Vasotec (enalapril) was the cause but said nothing. After in excess of a full month of painful dry coughing, Nurse McArthur informed plaintiff that it was Vasotec.

The defendant(s) plainly are in violation of his rights secured by the Eighth Amendment under Estelle V. Gamble, 429 U.S. 97, SOL. Ed. 251.97S.CT 285(1976).

There the court held that deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eight Amendment.

As cited in Estelle V. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285 291, 50L. Ed. 2d.251 (1976), Plaintiff therefore concludes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, . . . prescribed by the Eight Amendment (anesthetized surgery – prolonged painful dry coughing in excess of a month).

Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983.

United States V. Price, 383 U.S. 787, 794, 16 L. ED2D 267.86CT.1152 (1966) "(Willful participant in joint activity with the State of its Agents may be liable under §1983);

The touchstone of due process of law is the protection of individuals against willful, arbitrary actions of government.

In this complaint medical defendants in concert, actively engaged in depriving plaintiff of an formally approved medical treatment option only because the appropriate treatment option chosen by the inmate was other than they routinely offer inmates.

Because of Medical Defendants willful procrastination now necessitate a repeat of the biopsy procedure because of the artificial delay thereby have caused plaintiff injury.

That a jury not medical defendants decide the fact as their special report dares to suggest and this honorable court decides the law.

Whgich forms the basis for this action under 7421 U.S.C.A. §1983; U.S.C.A. Const. Art. 1. §10, Cli; Amend 14 and also pursuant to the Eight Amend which likewise applies § 3.07 Ingram V. Wright, 430 U.S. 651 (1977) Jackson Vs. Cain, 964 F. 2d 1235, 1247 (5th, Cir. 1989).
Estelle V. Gamble, 429 U.S. 97 (1976)
McHenry V. Chadwick, 896 F.2d.184,187 (6th Cir. 1990)
Bennett V. Parker, 898 F.2d.1530, 1533 (11th ?Cir. 1990)

Conclusion

As early as 2003 plaintiff was formally approved for radiation seeding implant the initial bone scan showed no spread of any cancer the optimal time to proceed with the approved treatment. Instead, Medical Defendants commenced a merry-go-around among themselves purposed to frustrate plaintiff being timely treated as approved. Plaintiff was a ball thrown back and forth with no treatment taken place and told that the extensive radiation option plaintiff could receive immediately Medical Defendants because of their denial of approved treatment has caused plaintiff to undergo he otherwise would be subjected had Defendant not interfered and in bad faith that since the special report stands so replete with bold misrepresentation of and even outright lies a jury, as requested, best determine the fact.

Respectfully Submitted,

Robert L. McCray
P. O. Box 2292
Montgomery, AL 36102

Certificate of Service

I hereby certify that a copy of the above and foregoing has been served by US Mail this 30th day of May 2006 to:

Respectfully Submitted

S/ R. Brett Garrett PA
P. O. Box 270
Montgomery, Alabama 36101-0270